UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY WERTHMANN,

    Plaintiff,

v.

NANCY BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

_____/

Case No. 2:17-cv-10598

HON. STEPHEN J. MURPHY, III

**OPINION AND ORDER OVERRULING OBJECTION [16],
ADOPTING REPORT AND RECOMMENDATION [15], GRANTING
IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT [11], AND
<u>GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT [14]</u>**

The Commissioner of the Social Security Administration denied Plaintiff's application for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). The SSA Appeals Council declined to review the ruling, and Plaintiff appealed. The Court referred the matter to the magistrate judge and the parties filed cross-motions for summary judgment. The magistrate judge issued a Report and Recommendation ("Report") suggesting the Court grant in part and deny in part Plaintiff's motion and grant in part and deny in part the Commissioner's motion. The Commissioner filed a timely objection. Having examined the record and considered the objection de novo, the Court will overrule the objection, adopt the Report, grant in part and deny in part Plaintiff's motion for summary judgment, grant in part and deny in part the Commissioner's motion for summary judgment, and

1

remand the case to the ALJ for further consideration consistent with the Report and this order.

## BACKGROUND

The Report properly details the events giving rise to Plaintiff's action. ECF 15. The Court will therefore adopt that portion of the Report.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept it as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky*

2

*v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507–08 (6th Cir. 2006). And an ALJ need not "make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

## DISCUSSION

When making a disability determination, an ALJ is required to perform a five-step sequential analysis. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520(4)). The Commissioner's objection pertains solely to the Report's analysis of the fifth step, so the Court will adopt the remainder of the Report without further review. *Thomas*, 474 U.S. at 154. As to the fifth step, the Report's analysis is accurate and the Court will overrule the objection.

Once a court reaches the fifth step, it is determined that the plaintiff has a severe impairment and that she can no longer perform her previous work. *See* 20 C.F.R. § 404.1520(4)(i)–(iv). The remaining question is whether the plaintiff can make an adjustment to other work despite her impairment. *Id.* at § 404.1520(4)(v). The Report found that the ALJ inadequately considered Plaintiff's limitations when determining that Plaintiff could perform other unskilled work. ECF 15, PgID 556–60. The Report therefore recommends remanding the case for additional questioning of a vocational expert. *Id.* at 558, 561–62.

The Commissioner argues that additional questioning is unnecessary because the ALJ can (and did) base his decision solely on the "Medical-Vocational Guidelines" at 20 C.F.R. Part 404, Subpart P, Appendix 2. ECF 16, PgID 565–66. The pivotal question, then, is whether the ALJ was permitted to proceed directly to the Medical-Vocational Guidelines. The answer is no.

3

The general rule is an ALJ may not rely solely on the Medical-Vocational Guidelines if the plaintiff's condition constitutes a nonexertional impairment. *Mullins v. Sec'y of Health & Human Servs.*, 836 F.2d 980, 985 (6th Cir. 1987). But for that rule to apply, the plaintiff's nonexertional limitations must be severe enough to restrict a full range of gainful employment at the designated level. *Id.* Plaintiff's limitation here—difficulties with concentration, persistence, or pace—is nonexertional. *See Lobdell v. Comm'r of Soc. Sec.*, No. 14-cv-10399, 2015 WL 3441161, at *9 n.2 (E.D. Mich. May 28, 2015). The key to resolving the Commissioner's objection is therefore to resolve whether Plaintiff's limitation was sufficiently severe to render reliance on the Medical-Vocational Guidelines inappropriate.

Plaintiff argued that moderate limitations with concentration, persistence, or pace are not automatically accounted for by a limitation to unskilled work. ECF 15, PgID 556. And case law in this Court supports that position. *See Bonham-Conn v. Comm'r of Soc. Sec.*, No. 08-13248, 2009 WL 3211000, at *6 (E.D. Mich. Sept. 29, 2009) ("[S]ubstantial evidence does not support the ALJ's conclusion that [plaintiff] could perform [unskilled work] despite his moderate limitations in concentration, persistence, or pace[.]"); *Benton v. Comm'r of Soc. Sec.*, 511 F. Supp. 2d 842, 849 (E.D. Mich. 2007); *Edwards v. Barnhart*, 383 F. Supp. 2d 920, 930–31 (E.D. Mich. 2005). Consequently, the ALJ needed to assess the severity of Plaintiff's difficulties with concentration, persistence, or pace to determine whether it was appropriate to apply the Medical-Vocational Guidelines. The Report concluded that the ALJ failed to adequately perform that analysis. ECF 15, PgID 560–62.

The Commissioner disagrees and argues that the Report's holding is inconsistent. Specifically, the Commissioner posits that an earlier portion of the Report affirmed the ALJ's finding that Plaintiff could do unskilled work at any exertional level. ECF 16, PgID 566 (citing ECF 15, PgID 555). Because of that purported finding, the Commissioner contends that the Report was required to find that the ALJ could rely solely on the Medical-Vocational Guidelines. *Id.*

The point is well taken, but it slightly misses the mark. The Commissioner cites page 18 of the Report for the proposition that the magistrate judge found that Plaintiff was limited to unskilled work. ECF 16, PgID 566. Although the Report noted that finding of the ALJ, the magistrate judge did not endorse it. Rather, in the next sentence the magistrate judge held that "Plaintiff's argument that the ALJ did not continue the evaluation process through Step 5 is unavailing." ECF 15, PgID 556 (alterations omitted). There is a difference between noting that the ALJ performed analysis and affirming the accuracy of the analysis. Because of this slight misconstruction, the Commissioner's argument presupposes the answer to the real issue: whether the ALJ made the correct threshold finding that he could solely apply the Medical-Vocational Guidelines despite Plaintiff's nonexertional limitations.

The Court agrees with the magistrate judge that the ALJ inadequately addressed the question. The ALJ concluded that Plaintiff's nonexertional limitations have "little or no effect", but the ALJ did not explain why. ECF 9-2, PgID 48. The ALJ then proceeded directly to the Medical-Vocational Guidelines to make his final determinations. *Id.* The Court requires additional explanation and information about the severity of Plaintiff's difficulties with concentration, persistence, or pace before it can determine that

substantial evidence supports the ALJ's conclusion. The Court will therefore overrule the Commissioner's objection, adopt the Report, and Remand the case to the Social Security Administration for further consideration.

## ORDER

**WHEREFORE,** it is hereby **ORDERED** that Defendant's Objection [16] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report [15] is **ADOPTED**, Plaintiff's Motion for Summary Judgment [11] is **GRANTED IN PART AND DENIED IN PART**, Defendant's Motion for Summary Judgment [14] is **GRANTED IN PART AND DENIED IN PART**, and the case is **REMANDED** to the Commissioner for further consideration consistent with the Report and this Order.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: March 30, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2018, by electronic and/or ordinary mail.

                                        s/ David Parker
                                        Case Manager